This is an appeal from a judgment based on a directed verdict in favor of the defendant, Dr. M.D. Smith. The plaintiff, John N. Dobbs, filed suit against Smith for malpractice in inserting an intraocular lens after a cataract operation. After hearing testimony from the witnesses, including Dobbs and Smith, the trial court granted Smith's motion because Dobbs had failed to make out a prima facie case. We affirm.
The facts of this case are as follows:
Smith is a specialist in ophthalmology. In 1975, he undertook training in the intraocular lens field in Yonworst, Holland. He treated glaucoma and cataracts, but only diagnosed detached retinas. At the time of the operation, he was on the staff of Holy Name of Jesus and Baptist Hospitals in Gadsden. In 1973, it was discovered that he had cataracts and glaucoma. His doctor in Anniston, after discovering he had cataracts and glaucoma, referred him to Smith. In November 1975, Smith informed Dobbs that his cataracts had progressed to the point that something needed to be done about them.
Dobbs went to the hospital on December 28, 1975, and his left eye was operated on the following day. During the surgery, the lens slipped sideways and fell into the eye and Smith retrieved it. Dobbs was originally scheduled to have his right eye operated on the following Wednesday; however, feeling that the first operation was unsuccessful, Dobbs cancelled the second operation. Dobbs testified that since the surgery he has suffered from photophobia and pain.
Smith discovered that Dobbs had a detached retina and referred him to Dr. Levene, *Page 872 
who sent him to Dr. Lavachek, who operated on the left eye. After Lavachek operated on him, Dobbs suffered a severe attack of glaucoma. Levene later operated on him and removed a cataract on the right eye and operated on both eyes for glaucoma. Dobbs testified that he knew that the operation performed by Smith might not be successful. He testified that he thought if it was unsuccessful, he could just wear contact lenses.
A directed verdict is proper where there is a complete absence of pleading or proof on an issue or issues material to a cause of action. Shellnut v. Randolph CountyHospital, 469 So.2d 632 (Ala.Civ.App. 1985). The scintilla evidence rule applies to motions for directed verdict, as well as to motions for judgment notwithstanding the verdict. White v. Parker, 345 So.2d 312
(Ala.Civ.App. 1977). Therefore, a motion for directed verdict should not be granted if the plaintiff offers so much as a "mere gleam, glimmer, spark, the least evidence, the smallest trace or scintilla" of evidence supporting his theory of the complaint. Quillen v. Quillen, 388 So.2d 985 (Ala. 1980). When a directed verdict motion is made, the evidence should be viewed in the light most favorable to the opposing party, and if a reasonable inference can be drawn against the moving party, then the trial court should deny the motion.Turner v. People's Bank of Pell City, 378 So.2d 706
(Ala. 1979).
The legal duty imposed upon the doctor is statutorily defined: "to exercise such reasonable care, diligence and skill as physicians, surgeons and dentists in the same general neighborhood, and in the same general line of practice, ordinarily have and exercise in a like case." Code of Alabama (1975), § 6-5-484. Expert testimony is required to establish the standard of care that the doctor is alleged to have breached, Tant v. Women's Clinic,382 So.2d 1120 (Ala. 1980), unless the lack of skill or care is so apparent as to be within the comprehension of the average layman. Rosemont, Inc. v. Marshall,481 So.2d 1126 (Ala. 1986).
Dobbs cites Pappa v. Bonner, 268 Ala. 185,105 So.2d 87 (1958), for the proposition that the defendant himself can establish the expert testimony required in a medical negligence case. Although Smith can be viewed as an expert witness, he fulfilled that requirement only to the extent of his testimony. Dobbs did not offer any expert testimony to establish the standard of care and conduct that he alleged Smith deviated from. The record is void of any evidence that Dobbs's subsequent vision problems were the result of the surgery performed by Smith. In order to establish a physician's negligence, the plaintiff must offer expert medical testimony as to the proper practice, treatment, or procedure. Tuscaloosa Orthopedic ApplianceCo. v. Wyatt, 460 So.2d 156 (Ala. 1984); Holt v.Godsil, 447 So.2d 191 (Ala. 1984). Dobbs failed to establish a standard of conduct and care by which Smith's conduct' could be gauged. Further, he failed to establish that his injuries were proximately caused by a deviation from such standard; therefore, the trial court correctly granted Smith's motion for directed verdict and its judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES and STEAGALL, JJ., concur.
JONES, J., concurs in the result.