Larry Eugene Pruitt and Vicki Ruth Pruitt filed a medical malpractice action in the Circuit Court of Jefferson County on September 15, 1986, against Dr. H. Evan Zeiger, a neurosurgeon. Immediately before the case was to be tried, Dr. Zeiger filed a motion to strike the deposition of Dr. Lawrence C. Taylor, the Pruitts' sole expert witness. The trial court granted the motion and, after the Pruitts declined to go forward with their case, dismissed the case with prejudice. The Pruitts appeal from the judgment of dismissal. We affirm.
In 1984, Dr. Zeiger performed lumbar disc surgery on Larry Eugene Pruitt for his persistent back pain. Complications arising from this surgery necessitated a second operation shortly after the first. Following the second operation, Mr. Pruitt developed venous thrombosis and ischemic infarction of his intestines, both of which required further surgery. Following these operations, Mr. Pruitt began to experience nausea, fever, vomiting, and swelling of the abdomen, and he was again taken to surgery. The Pruitts alleged that Mr. Pruitt "received a cut" to his small intestine and another to his sciatic nerve during the course of treatment by Dr. Zeiger. They claimed further that the removal of a portion of Mr. Pruitt's intestine became necessary because the cut to his intestine became infected.
The Pruitts hired Health Care Auditors, an organization that evaluates medical malpractice cases and provides expert testimony, to review the medical records in this case. Health Care Auditors then hired Dr. Lawrence C. Taylor to review the medical records. Dr. Taylor subsequently provided a deposition indicating his general disapproval of the medical care of Mr. Pruitt. In the motion to strike the deposition of Dr. Taylor, Dr. Zeiger argued that Dr. Taylor's testimony was based upon "hindsight and speculation." The trial court granted the motion on the grounds that Dr. Taylor's expert testimony did not establish the standard of care necessary for the Pruitts to meet their burden of proof. The trial court granted Dr. Zeiger's motion to dismiss after the Pruitts declined to proceed with the evidence.
Because the Pruitts' case is insupportable without expert medical evidence, the sole issue before this Court is whether the trial court erred in striking the deposition of Dr. Taylor. Because of the nature of the trial judge's order, this case is properly reviewed as if the trial judge had directed a verdict in favor of Dr. Zeiger. Because this lawsuit was pending on June 11, 1987, the "scintilla rule" applies to our review of this case. See Ala. Code 1975, § 12-21-12.
The Alabama Medical Liability Act imposes upon physicians a duty to "exercise such reasonable care, diligence and skill as physicians . . . in the same general neighborhood, and in the same general line of practice, ordinarily have and exercise in a like case." Ala. Code 1975, § 6-5-484(a); see also Keebler v.Winfield Carraway Hospital, 531 So.2d 841 (Ala. 1988). The plaintiff in a medical malpractice action must ordinarily establish the defendant *Page 238 
physician's negligence through expert testimony as to the standard of care and the proper medical treatment. Bates v.Meyer, 565 So.2d 134, 136(Ala. 1990). Although an exception exists when the breach of the standard of care is obvious to the average layperson, Ellingwood v. Stevens, 564 So.2d 932
(Ala. 1990); Bell v. Hart, 516 So.2d 562 (Ala. 1987), we do not find this exception applicable in the present case. Where this exception is inapplicable, the expert witness must establish "1) the appropriate standard of care, 2) the doctor's deviation from that standard, and 3) a proximate causal connection between the doctor's act or omission constituting the breach and the injury sustained by the plaintiff." Bradford v. McGee,534 So.2d 1076, 1079 (Ala. 1988) (citations omitted).
The failure of an expert to establish the standard of care results in a lack of proof essential to a medical malpractice plaintiffs case. Rosemont, Inc. v. Marshall, 481 So.2d 1126
(Ala. 1985). In order to establish the standard of care in this case, Dr. Taylor was required to enumerate the prevailing medical procedures in the national medical community that reasonably competent physicians would ordinarily utilize when acting in the same or similar circumstances. Bates v. Meyer,565 So.2d 134, 136 (Ala. 1990). If the standard of care is not established, there is no measure by which the defendant's conduct can be gauged. Dobbs v. Smith, 514 So.2d 871 (Ala. 1987). We find that the deposition testimony of Dr. Taylor failed to establish the standard of care and, therefore, it was not possible for Dr. Taylor to testify as to Dr. Zeiger's deviation from any such standard. See McMickens v. Callahan,533 So.2d 579 (Ala. 1988). A review of a portion of Dr. Taylor's deposition testimony illustrates its failure to establish the necessary elements of the Pruitts' case:
 "Q. Are you familiar with the appropriate standard of care and skill that reasonably competent physicians and surgeons in the national medical community would ordinarily exercise when acting under the same or similar circumstances for the treatment and care given to Mr. Pruitt by Dr. Zeiger on this occasion that you have made reference to earlier?
". . . .
 "A. [M]y main complaint and objection was the breakdown or the absence of or the deterrence of any communication or the lack of communication between the various caretakers."
Although Dr. Taylor alluded to a "breakdown" in communication throughout his testimony, he failed to explain the manner in which communication was deficient. It was incumbent upon Dr. Taylor to explain how "physicians . . . in the same general neighborhood, and in the same general line of practice," Ala. Code 1975, § 6-5-484(a), would communicate under the circumstances presented in this case. A blanket statement that communication was poor does not establish a standard of care. "In order to establish a physician's negligence, the plaintiff must offer expert medical testimony as to the proper practice, treatment, or procedure." Dobbs v. Smith, 514 So.2d 871, 872
(Ala. 1987). Dr. Taylor did not describe a procedure that rises to the level of a standard of care. He merely gave his opinion as to what Dr. Zeiger should have done under the circumstances presented in this case. "The law does not permit a physician to be at the mercy of testimony of his expert competitors, whether they agree with him or not." Sims v. Callahan, 269 Ala. 216,225, 112 So.2d 776, 783 (1959).
Although Dr. Taylor was repeatedly asked to describe the standard of care, he was unable to define that standard or describe any procedure that Dr. Zeiger was required to follow in order to comply with the standard of care. The following is representative of the broad statements made by Dr. Taylor in response to this line of questioning:
 "Q. Doctor, then, is it your opinion that Dr. Zeiger deviated from the national medical community standards in the care and treatment of *Page 239 
Mr. Pruitt in that regard in this case?
 "A. Well, I don't want to point fingers. But I do think that there was some reduced care below the standards."
Testimony that the care rendered was "below the standards" without establishing those standards does not satisfy the Pruitts' burden. Before the expert witness can establish a deviation from the standard of care, the witness must establish the standard from which the deviation occurred.
In Hines v. Armbrester, 477 So.2d 302 (Ala. 1985), this Court stated:
 "We are to view the testimony [of the plaintiff's expert] as a whole, and, so viewing it, determine if the testimony is sufficient to create a reasonable inference of the fact the plaintiff seeks to prove. In other words, can we say, considering the entire testimony of the plaintiff's expert, that an inference that the defendant doctor had acted contrary to recognized standards of professional care was created?"
Id. at 304-05. In viewing the testimony in this case as directed in Hines, we conclude that the Pruitts failed to meet their burden to produce competent expert testimony of Dr. Zeiger's malpractice.
In the absence of any evidence of the applicable standard of care, the trial court properly granted Dr. Zeiger's motion to strike the expert testimony of Dr. Taylor. Because Dr. Taylor's testimony was the only evidence offered, the Pruitts, therefore, failed to present any expert medical evidence of malpractice on Dr. Zeiger's part. See Stewart v. Bay MinetteInfirmary, 501 So.2d 441 (Ala. 1986). For the foregoing reasons, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.