The majority opinion seems to reach the right result, and if traditional rules governing summary judgments applied, I would concur in that result, but this is a medical malpractice case, and the legislature, right or wrong, has set out the requirements that a plaintiff must meet before a trial can occur. See the Alabama Medical Liability Act, Ala. Code 1975, § 6-5-480 et seq., as supplemented by the Alabama Medical Liability Act of 1987, Ala. Code 1975, § 6-5-540 et seq.
(Supp. 1987).
Section 6-5-548(a) provides, in pertinent part, that "the plaintiff shall have the burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill and diligence as other *Page 1287 
similarly situated health care providers in the same general line of practice, ordinarily have and exercise in a like case." For purposes of the Act, "[s]ubstantial evidence is that character of admissible evidence which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed." § 6-5-542(5).
I think that the trial judge in this case correctly interpreted Alabama law when he wrote:
 "This action is before the court on defendant's motion for summary judgment. Upon consideration of such motion, the pleadings, the affidavits submitted in support of, and [those in] opposition to the subject motion, and oral arguments of counsel, this Court is of the opinion that the motion is due to be granted. The affidavit of plaintiff's medical expert totally fails to address the appropriate standard of care to be applied in the circumstances of this case.
 " 'The failure of an expert to establish the standard of care results in a lack of proof essential to a medical malpractice plaintiff's case. . . . In order to establish the standard of care in this case, [plaintiff's expert witness] was required to enumerate the prevailing medical procedures in the national medical community that reasonably competent physicians would ordinarily utilize when acting in the same or similar circumstances. . . . If the standard of care is not established, there is no measure by which the defendant's conduct can be gauged.' "Pruitt v. Zeiger, 590 So.2d 236, 238 (Ala. 1991) (citations omitted)."
In Pruitt, this Court held that a lack of essential proof results when an expert fails to establish the standard of care in a medical malpractice case, and that in order to establish the standard of care, the plaintiff's expert must "enumerate the prevailing medical procedures in the national medical community that reasonably competent physicians would ordinarily utilize when acting in the same or similar circumstances." 590 So.2d at 238. Mrs. Rudolph distinguishes Pruitt on the ground that Pruitt involved an appeal from a dismissal when the plaintiffs declined to go forward with their case after the trial court struck the deposition testimony of the plaintiffs' sole expert. She argues that, in reviewing the expert testimony in Pruitt, the Court was not required to consider the evidence in a light most favorable to the nonmoving party, as it is required to do when reviewing a summary judgment. Leonard v.Providence Hospital, 590 So.2d 906, 907 (Ala. 1991).
I do not agree with that argument. The statutes, as I read them, are quite specific about what a plaintiff must plead, the qualifications of experts that can testify, and the quantum of proof required. I think that the legislature intended that a plaintiff called upon to oppose a motion for summary judgment must present substantial evidence by an expert that the defendant doctor violated the standard of care in treating the plaintiff, as the plaintiff specifically alleged.
I would affirm the judgment of the learned trial judge. The legislature, by an act of state-wide application, requires a plaintiff in a medical malpractice to establish his or her entitlement to maintain a malpractice action. The legislature has this power under Amendment 328, § 6.11, of the Constitution.
I believe that the legislature, in adopting § 6-5-548, setting forth the burden of proof required in actions against medical care providers, has modified Rule 56 of our Rules of Civil Procedure regarding the burden of proof at the summary judgment stage. I believe that Pruitt correctly recognizes the burden on the plaintiff in a case against a health care provider. If this was a case other than one against a health care provider, I would agree with the majority that the burden is on the movant to show no genuine issue of material fact, but the legislature changed the rules with regard to health care providers, and I believe it specifically had a constitutional right to do so. Consequently, I must respectfully dissent.
STEAGALL, J., concurs. *Page 1288