On its face, the majority opinion seems to be right. The plaintiff presented testimony by a nurse that the defendant health care provider failed to do what she thought it should have done to "ensure [the plaintiff's] safety" as a patient; however, a reading of the extensive order of the trial court reveals that the majority's holding is contrary to established Alabama law. I agree with the trial judge's interpretation of the law of Alabama relating to the proof required in a malpractice case involving a health care provider, and I would affirm his judgment; consequently, I must dissent.
My dissent is based primarily on the ground that the Legislature has determined the degree of proof required before a health care provider can be liable in a malpractice *Page 1155 
case, and it appears to me that the trial judge correctly determined that the plaintiff failed to adduce the evidence required.
The plaintiff, Mrs. Downey, does not challenge the application of the governing statutes, §§ 6-5-548 and 6-5-484, Ala. Code 1975. She argues that the affidavit of her expert and the testimony of Nurse Read were more than sufficient to satisfy the statutory requirements. She further argues that the trial court improperly considered a portion of Nurse Read's testimony abstractly, independently, and separately from the balance of her testimony.
The trial judge, in his summary judgment order, discusses each of these points, and in that order he states, in part:
 "In order for an expert witness' testimony to be properly admissible in a suit for medical negligence, the plaintiff's expert must satisfy three requirements. First, the expert witness must be a 'similarly situated health care provider' as defined by Ala. Code § 6-5-548. . . . Second, the plaintiff's expert must accurately describe the appropriate standard of care by which the defendant is to be judged. Pruitt v. Zeigler [Zeiger], 590 So.2d 236 (Ala. 1991). Third, the expert must state that the defendant breached the appropriate standard of care. Dobbs v. Smith, 514 So.2d 871
(Ala. 1987). If the expert fails in any of the above respects, that expert's testimony is deemed insufficient to maintain a cause of action. Bell v. Hart, 516 So.2d 562 (Ala. 1987). This court finds that Nurse Read fails to satisfy the second and third requirements as she does not accurately describe the appropriate standard of care and therefore, cannot state there was a breach thereof."
In her deposition, Nurse Read testified, in part, as follows:
 "Q. What's your understanding as to the standard of care that is to be exercised by nurses in Alabama?
"A. To ensure safety.
 "Q. Ensure the safety and welfare of patients as you just described?
"A. Yes.
 "Q. And that's a standard that you've set for yourself; is that correct?
 "A. That's the standard that I would hope any nurse would set for herself. They are stated in the policy and procedure manuals for critical care units, hospitals.
 "Q. And that's the standard by which you judge the nurses at Mobile Infirmary in taking care of Mr. Downey; is that correct?
"A. Yes."
Nurse Read further testified in her deposition as follows:
 "Basically, there were a number of things Ms. Taylor, [the attending nurse], could have done to ensure Mr. T.C. Downey's safety and thus maintain an acceptable standard of care within the nursing profession. . . ."
In the order, the trial judge, after citing this testimony, held that Nurse Read had incorrectly defined the appropriate standard of care and had "sought to impose upon the Infirmary a duty that is an incorrect premise of law, and one which is higher than that required by the Alabama Legislature."
It seems to me that this Court need not reach the question of whether an inference could be drawn from Nurse Read's testimony that the Infirmary violated the standard of care, because in her deposition testimony, Nurse Read specifically stated the improper standard and showed a lack of understanding of the appropriate standard of care. When she was asked her understanding as to the standard of care that is to be exercised by nurses in Alabama, Nurse Read responded, "To ensure safety." Section 6-5-484(b), Ala. Code 1975, clearly and unequivocally states that a health care provider is "not considered an insurer of the successful issue of treatment or service."
The Infirmary cites Bradford v. McGee, 534 So.2d 1076, 1079, (Ala. 1988), which states that in order to present the case to the jury, the plaintiff must "adduce some evidence indicating that the alleged negligence (the breach of the appropriate standard of care) probably caused the injury." The Infirmary argues that the plaintiff could not present any evidence that the defendant health care provider breached the appropriate standard *Page 1156 
of care because her expert could not accurately describe the correct standard of care by which to determine if there was, in fact, a breach.
This is not the first time this Court has considered the issue presented on this appeal. See, McMickens v. Callahan,533 So.2d 579 (Ala. 1988); Pruitt v. Zeiger, 590 So.2d 236
(Ala. 1991); Rudolph v. Lindsay, 626 So.2d 1278, 1281
(Ala. 1993); see, also, Henson v. Mobile Infirmary,646 So.2d 559 (Ala. 1994); Bates v. Meyer, 565 So.2d 134 (Ala. 1990) (citing Parrish v. Spink, 284 Ala. 263, 224 So.2d 621 (1969)). In medical malpractice cases, the plaintiff must establish, by expert testimony, the degree of "care, skill and diligence" used by "similarly situated health care providers in the same general line of practice." § 6-5-548, Ala. Code 1975.
In Henson v. Mobile Infirmary Association, supra, a doctor testified about the "safest" way for a health care provider to prepare a patient for magnetic resonance imaging (MRI) testing. He repeatedly stated that his testimony reflected his individual opinion. This Court held that "an opinion as to the 'safest' method of any medical procedure may or may not be the same as an opinion as to what is required by 'reasonable care, skill and diligence.' " 646 So.2d at 563. This Court further held that by limiting his testimony to the statement of a personal opinion, the doctor failed to address a community standard (of what is reasonable "care, skill, and diligence"). See McMickens v. Callahan, 533 So.2d 579 (Ala. 1988).
After reviewing Nurse Read's testimony as a whole, I must conclude that the trial court did not err in determining that her testimony was inadmissible, because she did not accurately state the standard of care required by law. Although she stated that she was familiar with the standard of care, her explicit assertions of an improper standard rendered the other testimony inadmissible under the statute passed by the Legislature, as the trial court held.
The second issue presented is whether the trial court abused its discretion in refusing to permit Mrs. Downey to file a second affidavit in opposition to the Infirmary's motion for summary judgment. In Dynasty Corp. v. Alpha Resins Corp.,577 So.2d 1278 (Ala. 1991), one of the parties filed a second motion in opposition to a summary judgment motion, along with a supplemental affidavit. The motion and affidavit were filed with the circuit clerk's office only two minutes before that office received the trial court's order granting a motion for summary judgment, and they were not before the court when it ruled on the summary judgment motion. This Court held that "they [could not] be considered by this Court," citing Greenev. Thompson, 554 So.2d 376, 379 (Ala. 1989).
The record here seems clear that the trial judge, while giving the plaintiff an opportunity to "[g]o back and brief this and give me something to go on why I shouldn't grant [the motion for summary judgment]," did not intend to allow the plaintiff to present additional evidence. In fact, the trial judge stated: "It was not the intention or the Order of the Court that the plaintiff be allowed to submit new and additional evidence beyond what was before the Court at the time of the trial setting and the hearing on this motion."
In this case, one of the critical issues, presented at a pretrial conference and at the summary judgment hearing, was the question of the standard of care required under the facts presented. The plaintiff was given an opportunity to present evidence at the summary judgment stage to show that the defendant had breached the standard of care. The plaintiff suggests that the doctrine of res ipsa loquitur applies here. Clearly, it does not. Leonard v. Providence Hospital,590 So.2d 906 (Ala. 1991).