[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-10274

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 28, 2004**
**THOMAS  K. KAHN**
**CLERK**

D.C. Docket No. 00-00371-CV-OC-10-GRJ

LUZ M. GONZALEZ-JIMINEZ DE RUIZ,
on her behalf and on behalf of
her minor children,
Luis Fernando Ruiz Gonzalez,
Jose Daved Ruiz Gonzalez,
Melanie Ruiz Gonzalez, and
Araika Ruiz Gonzalez,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 28, 2004)**

Before EDMONDSON, Chief Judge, TJOFLAT and COX, Circuit Judges.

PER CURIAM:

Appellant Luz Gonzalez claims that, under Puerto Rican law, she was the concubine of Jose Miguel Ruiz, who died of cancer in federal prison. She sought to bring various claims stemming from his death against the United States on behalf of herself and her children. We affirm the district court's dismissal of her suit because she lacks standing to sue, and the dismissal of her children's suit for failure to state a claim.

First, Gonzalez lacks standing to sue for any wrongs inflicted on Ruiz, or for any emotional distress she may have suffered as a result thereof. She contends that she may bring these claims because she was either his common-law wife or his "concubine more uxorio," a status apparently recognized under Puerto Rican law.[1] She has provided us with no authority, however, to suggest that Puerto Rico

---

[1] Because the United States is the defendant, this suit is being brought under the Federal Tort Claims Act, 28 U.S.C. § 1346, which requires that the "whole law of the State where the act or omission occurred[,]" including its choice of law rules, be applied. Richards v. United States, 369 U.S. 1, 11, 82 S. Ct. 585, 592, 7 L. Ed. 2d 492 (1962). The district court correctly found that because the wrongful acts alleged occurred in Florida, Florida law—including Florida choice of law rules—governs this action.

Under Florida's choice of law provisions, Florida law governs all substantive issues, including the question of whether an individual has standing and capacity to sue. Under Florida substantive law, a spouse has capacity to sue for damages to a decedent. Florida law further provides that, even though it does not provide for the creation of common law marriages, it will recognize them if they are "validly created in a jurisdiction recognizing such marriages." Am. Airlines, Inc.v. Meija, 766 So. 2d 305, 307 n.5 (Fla. 4th Dist. Ct. App. 2000). Thus, Florida law directs us to consider Puerto Rican law to see whether Gonzalez qualifies as Ruiz's common law

2

recognizes common law marriage. Moreover, while she may have held concubine more uxorio status, she has provided us with no authority demonstrating that concubines have the right under Puerto Rican law to sue for wrongful death. Consequently, Gonzalez may not bring any of these causes of action on her own behalf; the only viable claims to consider on their merits are those of her children.

The district court ruled that Gonzalez's children failed to state a claim for "loss of associational benefits." Though their brief asserts that they are appealing this decision, it failed to provide any discussion or argumentation concerning it at all. Consequently, we deem this point waived.

The district court also held that the Bureau of Prison's conduct for which Gonzalez's children brought suit was, as a matter of law, insufficiently outrageous to support a claim for intentional infliction of emotional distress. The magistrate judge—whose report and recommendation the district court adopted in its entirety—stated:

> Plaintiffs' factual allegations establish, at most, a series of BOP [United States Bureau of Prisons] deceptions regarding Mr. Ruiz's terminal medical condition, the BOP's failure to provide Mr. Ruiz's family with reasonable access to Mr. Ruiz during his illness, the BOP's failure to inform Plaintiffs of Mr. Ruiz's death, the BOP's conduct in exposing Plaintiffs to Mr. Ruiz's pain and suffering due to substandard medical care, and the BOP's delay in transporting Mr.

spouse.

3

Ruiz's remains.  None of this conduct can be characterized as "atrocious" or "utterly intolerable in a civilized community."

Gonzalez-Jimenez de Ruiz v. United States, 231 F. Supp. 2d 1187, 1199-1200 (M.D. Fla. 2002) (footnote omitted).  The magistrate judge stated, "[The fact that] the BOP restricted access to Mr. Ruiz by visitors is neither shocking nor unexpected, as federal inmates are typically limited in receiving visitors."  Id. at 1200.  Moreover, "[w]hile substandard medical care is regrettable and not to be tolerated—even in a federal correctional facility—the rendering of substandard medical care does not constitute the intentional infliction of emotional distress."  Id.  She concluded, "mere deception, while unfortunate, does not amount to intentional infliction of emotional distress."  Id.  For the reasons articulated in the magistrate judge's order, we affirm.[2]

The district court finally held that Gonzalez's children had failed to allege sufficient "physical injury as a result of the emotional trauma" necessary under Florida law to support a claim for negligent infliction of emotional distress.  Holt v. Rowell, 798 So. 2d 767, 770 n.1 (Fla. 2d Dist. Ct. App. 2001), overruled in part

---

[2]  Furthermore, if the plaintiffs' allegations of deceit are essential to their intentional infliction of emotional distress claim, we lack jurisdiction under the FTCA to entertain that claim.  See 28 U.S.C. § 2680(h); Metz v. United States, 788 F.2d 1528, 1534-35 (11th cir. 1986).  If, however, the plaintiffs' allegations of deceit are not essential to this claim, then as discussed above, their remaining allegations are insufficient to establish a prima facie case for intentional infliction of emotional distress.

4

on other grounds, 850 So. 2d 474 (Fla. 2003) (holding that a client may sue an attorney for psychological trauma resulting from the client's continued imprisonment due to the attorney's failure to deliver to the court a document definitively establishing his innocence). Having reviewed the children's brief, we are forced to agree. The facts alleged do not come anywhere close to constituting significant physical injury. While the children claim they suffered mental anguish from the BOP's actions, they failed to establish any major adverse physical impact. Consequently, their claim for negligent infliction of emotional distress fails.

For these reasons, the district court's opinion, in its entirety, is

AFFIRMED.