[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14798
Non-Argument Calendar

_____

D. C. Docket No. 05-01958-CV-2-RDP-HGD

JIMMY RUSHING,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 30, 2008)**

Before BIRCH, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Jimmy Rushing, a pro se federal prisoner, appeals the district court's grant of the government's motion for summary judgment on Rushing's medical malpractice and negligence claim, brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, 1346(b). First, Rushing argues that the court erred in finding that his FTCA claim was untimely, and that his injury accrued when an orthopedic surgeon recommended reconstructive ankle surgery in October 2002. Second, Rushing argues that the court erred by, alternatively, granting the government's motion for summary judgment on the merits of his claim because Rushing contends that the Bureau of Prisons ("BOP") failed to provide him with health care comparable to that available in the community when the BOP decided to delay his necessary ankle surgery. For the reasons set forth more fully below, we affirm.

In his pro se FTCA complaint, Rushing stated that, while incarcerated, he suffered a sports-related injury to his left ankle in May 1994.[1] Rushing underwent ligament construction surgery ten years later, in May 2004, even though surgery was recommended as early as October 2002. Rushing alleged that the BOP's 10-year delay in providing him necessary surgery caused him to suffer unnecessary pain.

---

[1] Rushing filed his administrative claim on December 30, 2004.

Before trial, the government filed a special report, which the magistrate judge construed as a motion for summary judgment. Among other things, the government included affidavits from three doctors at the BOP. According to the doctors, under the BOP's policy, Rushing's ankle condition was classified as an elective, non-emergency procedure. The government asserted that, when Rushing reported that his pain had increased, and conservative treatment was no longer warranted, surgery was approved and provided in a timely manner.

The magistrate notified Rushing that he had 20 days to respond to the motion with counter-affidavits and/or documents to show a genuine issue for trial. Rushing responded pro se, but he only provided his own affidavit with the response.

The magistrate judge recommended granting the government's motion for summary judgment on two alternative grounds. First, the magistrate determined that Rushing's claim was untimely because Rushing knew of both the existence and the probable cause of his injury in October 2002, when the first orthopedic surgeon recommended surgery, but had not filed his administrative complaint until December 30, 2004. Thus, the magistrate concluded, Rushing's claim was not filed within the FTCA's two-year statute of limitations period. Second, applying

3

Alabama[2] substantive law, the magistrate concluded that Rushing failed to establish that the government had not exercised reasonable care in treating him. Specifically, the magistrate found that Rushing had "failed to dispute with specific facts the affidavits submitted by the medical personnel or support with specific facts his claim that the defendant was negligent in failing to provide surgery sooner."

The district court, after noting Rushing's objections, and stating that it had carefully considered the record in this case, adopted the magistrate's report and accepted the magistrate's recommendations. The court granted the government's motion for summary judgment and dismissed Rushing's claim with prejudice.

I.

"We review de novo a district court's grant of summary judgment, applying the same standard that bound the district court and viewing the evidence and all reasonable inferences in the light most favorable to [Rushing]." Rodriguez v. Sec'y Dep't of Corrs, 508 F.3d 611, 616 (11th Cir. 2007). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that

---

[2] Rushing was housed at Federal Correction Institution ("FCI") Yazoo City (Mississippi) from March 12, 2001, until June 2, 2003, when he received a disciplinary transfer to FCI Talladega (Alabama).

the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pleadings filed by a pro se litigant should be reviewed under a "less stringent" standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972) (citations omitted). We may affirm a decision of the district court on any ground supported by the record. Bircoll v. Miami-Dade County, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

Initially, Rushing claims in his brief on appeal that, as a result of the surgery, he suffers from post-operative physical and mental trauma and has become a cripple for life. However, construing Rushing's pro se complaint liberally, he did not allege in his complaint that he suffered any injury, physical or otherwise, as a result of the BOP's negligence or medical malpractice with regard to the surgery itself. See Haines, 404 U.S. at 520-21, 92 S.Ct. at 595-96. Instead, Rushing asserted in his complaint that he "experienced repeated falls, tears of tendons in his good leg from his instability in walking, continued extreme pain, muscle wasting, mental and emotional pain, and the possibility of being crippled" due to the BOP's decision to delay the surgery that had been diagnosed in October 2002. Rushing did not move to amend his complaint to include any additional claims. Thus, to the extent that Rushing claims that the BOP's medical staff performed the surgery negligently, that claim is outside the scope of his complaint.

5

In addition, Rushing contends in his brief that the district court failed to conduct a de novo review of the magistrate judge's report and recommendation as it was required to do under 28 U.S.C. § 636(b). However, although the court did not explicitly state that it had conducted a "de novo review," it did implicitly state as much when it noted that it had carefully considered the record, the magistrate's report and recommendations, and the objections. Thus, the record does not support Rushing's contention otherwise. See Diaz v. United States, 930 F.2d 832, 835-36 (11th Cir. 1991) (rejecting a similar argument in a 28 U.S.C. § 2255 proceeding).

"The FTCA is a specific, congressional exception to the United States' sovereign immunity for tort claims, under which the government may be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008) (citations and quotation marks omitted). "However, this waiver must be scrupulously observed, and not expanded, by the courts." Id. (citations and quotation marks omitted). "A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency." Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994) (citing 28 U.S.C. § 2675(a)). "The administrative claim must be filed within two years from the time the claim accrues

6

and must be 'accompanied by a claim for money damages in a sum certain.'" Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006) (citing 28 C.F.R. § 14.2(a); 28 U.S.C. §§ 2675, 2401(b)).

The Supreme Court has stated that, generally, a claim "accrues" for purposes of the FTCA, "at the time of the plaintiff's injury." United States v. Kubrick, 444 U.S. 111, 120, 100 S.Ct. 352, 358, 62 L.Ed.2d 259 (1979). Thus, a claim "accrues" when the plaintiff is "armed with the facts about the harm done to him, [and] can protect himself by seeking advice in the medical and legal community." Id. at 123, 100 S.Ct. at 360.

In medical malpractice claims, however, a claim accrues "when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both [his] injury and its connection with some act of the defendant." Diaz v. United States, 165 F.3d 1337, 1339 (11th Cir. 1999). "The rationale behind the modified rule is to protect plaintiffs who are blamelessly unaware of their claim because the injury has not yet manifested itself or because the facts establishing a causal link between the injury and the medical malpractice are in the control of the tortfeasor or are otherwise not evident." Id. Under the rule for medical malpractice claims,

> the plaintiff need not know that []he has a legally cognizable claim for the claim to accrue, and may not bury [his] head in the sand once []he is put on notice that the government may have caused an injury. [He] will not automatically lose [his] claim, however, merely because the

circumstances surrounding the injury make its existence or governmental cause not reasonably knowable.

Id.

The district court erred by adopting and affirming the magistrate judge's finding that Rushing's claim was barred by the two-year statute of limitations. Rushing's FTCA complaint alleges that he was injured by the BOP's delay in providing him necessary surgery, and that the delay caused him to suffer unnecessary pain, even though the need for surgery was confirmed by three orthopedic surgeons as early as October 2002. Despite the October 2002 recommendation for surgery, on January 23, 2003, the BOP's Utilization Review Committee ("URC") deferred Rushing's surgery for 90 days. Thus, based upon the allegations in his pro se complaint, Rushing could not have been aware of the accrual of his injury until: (1) surgery was diagnosed; and (2) the decision was made to delay the surgery. See Diaz, 165 F.3d at 1339. Accordingly, in the exercise of reasonable due diligence, Rushing should have been aware of both his injury and its connection with the BOP's deferral of surgery no earlier than January 23, 2003. See id. Because Rushing's December 30, 2004, complaint was filed within two years of January 23, 2003, his complaint was not untimely. See Dalrymple, 460 F.3d at 1324.

II.

8

With respect to Rushing's medical malpractice and negligence claim, it must be determined which state's law applies. Liability under the FTCA for "personal injury caused by the negligent or wrongful act or omission of any employee of the Government," should be determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); see also Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001). Because the United States is the defendant, the FTCA "requires that the 'whole law of the State where the act or omission occurred[,]' including its choice of law rules, be applied." Gonzalez-Jiminez De Ruiz v. United States, 378 F.3d 1229, 1230 n.1 (11th Cir. 2004) (citations omitted). As Rushing was in Mississippi on January 23, 2003, when he possessed the critical facts of his injury and its cause, Mississippi's choice of law rules provisions apply. See id. In this case, under its choice of law provisions, Mississippi would apply its own substantive law. See Zurich Am. Ins. Co. v. Goodwin, 920 So.2d 427, 432-33 (Miss. 2006).

In order to prove medical malpractice in Mississippi, Rushing was required to produce proof of: "(1) the existence of a duty by the defendant to conform to a specific standard of conduct for the protection of others against an unreasonable risk of injury; (2) a failure to conform to the required standard; and (3) an injury to the plaintiff proximately caused by the breach of such duty by the defendant."

9

Hubbard v. Wansley, 954 So.2d 951, 956-57 (Miss. 2007). According to

Mississippi law:

> When proving these elements in a medical malpractice suit, expert testimony must [ordinarily] be used. Not only must this expert identify and articulate the requisite standard that was not complied with, the expert must also establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries.

Id. at 957. Notwithstanding the foregoing, Mississippi recognizes a narrow

exception that provides: "[l]ay testimony is sufficient to establish only those

things that are purely factual in nature or thought to be in the common knowledge

of laymen." Drummond v. Buckley, 627 So.2d 264, 268 (Miss. 1993) (citations

omitted).

Here, whether or not reconstructive surgery was immediately necessary

based upon the condition of Rushing's ankle was not within the common

knowledge of layman, and, therefore, under Mississippi law, Rushing was required

to establish his medical malpractice claim through the testimony of an expert

witness. See Hubbard, 954 So.2d at 956-57; Drummond, 627 So.2d at 268. In

response to the government's motion, Rushing only provided his sworn affidavit.

Because Rushing did not support each element of his medical malpractice claim

through the use of expert testimony, the government was entitled to judgment as a

matter of law. See Fed.R.Civ.P. 56(c).

In light of the foregoing, the district court's grant of the government's motion for summary judgment is

**AFFIRMED.**