[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16420
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 20, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 05-01577-CV-1-RBP-HGD

LORENZO ROOSEVELT MOORE,

Plaintiff-Appellant,

versus

DR. A. GUZMAN,
DR. M. STILES,
A. DIZON, HSA,
L. DELVALLE, AHSA,
H. DELA CRUZ, SPA,
UNITED STATES OF AMERICA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 20, 2010)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Lorenzo Moore appeals from the district court's order granting summary judgment to the defendants on his civil rights and tort claims. Specifically, Moore challenges the district court's ruling that a statement in his affidavit constituted inadmissible hearsay. After reviewing the court's evidentiary ruling for an abuse of discretion, *see United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009), and its ruling on summary judgment *de novo*, *see Skrtich v. Thornton*, 280 F.3d 1295, 1299 (11th Cir. 2002), we affirm.

## I. BACKGROUND

Moore is a former inmate of the Federal Correctional Institute in Talladega, Alabama who injured his back while incarcerated. The individual defendants are health care professionals employed by the prison who allegedly made Moore wait 18 months for the surgery he ultimately needed. After exhausting his administrative remedies, Moore initiated a *Bivens* action[1] in the U.S. District Court for the Northern District of Alabama against the individual defendants for violations of his Eighth Amendment rights. He also sued the United States under

---

[1] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), for medical malpractice.[2]

According to the record, Moore began experiencing back pain in July 2004 after injuring himself while exercising. A few days after his injury, he reported to the prison's Health Services Department, which initially prescribed him pain medication. In response to Moore's continuing complaints of pain, swelling, and weakness in his back and lower extremities, the individual defendants prescribed stronger medications and approved a battery of tests, which included multiple x-rays, MRIs, and studies designed to test nerve function. Over the course of the following year, the defendants also referred Moore to several outside medical specialists, including an orthopedist and a neurologist.

In March of 2005, the neurologist opined that Moore's condition did not require "acute" surgical intervention, but he suggested that Moore receive a second opinion from a neurosurgeon. Dr. Stiles, one of the prison's doctors, reviewed the neurologist's report and decided to continue treating Moore conservatively with medication and bed-rest. In July, after performing additional

---

[2] In July 2005, Moore filed a motion asking the district court to enjoin the individual defendants to provide him with necessary medical care, and a magistrate judge construed his motion as a complaint under *Bivens*. In 2007, the magistrate allowed Moore to amend his complaint and join the United States as a defendant under the FTCA.

tests, the neurologist recommended that Moore see a neurosurgeon "as soon as possible" to determine whether surgery was warranted. Upon receiving this advice, Dr. Stiles and Dr. Guzman, the prison's Clinical Director, tried to have Moore transferred to a Bureau of Prisons Medical Referral Center, where he would have been able to receive surgery, if necessary, and more extensive postoperative care. When their August request for a transfer was denied a month later, they referred Moore to a neurosurgeon in October. The neurosurgeon evaluated Moore's condition in December and identified the problem as a herniated disk in Moore's lumbar spine, which would require surgical repair. Following another unsuccessful attempt to obtain a Medical Referral Center transfer, Moore received surgery at the end of January 2006.

On these facts, the defendants moved for summary judgment,[3] arguing that no genuine issue of material fact existed to sustain Moore's claims under the Eighth Amendment and the FTCA. The individual defendants argued that their treatment decisions did not show deliberate indifference to Moore's medical needs, and the United States argued that Moore had not produced any evidence

---

[3] The magistrate judge ordered the defendants to submit special reports, with supporting affidavits, to address Moore's claims. After receiving Moore's responses, the magistrate construed the reports as a motion for summary judgment under Federal Rule of Civil Procedure 56.

4

that the defendants failed to meet the applicable standard of medical care. Moore filed two sworn declarations in response, contending that the defendants had repeatedly postponed necessary treatment for his back. In particular, Moore cited the gap between the neurologist's suggestion that he might need surgery and his eventual consultation, months later, with a neurosurgeon. He also alleged that a physician's assistant told him in May 2006 that more x-rays should have been performed to monitor his postoperative recovery and that he might "suffer permanent nerve damage as a result of the delay in pursuing surgery."

The magistrate judge concluded that the physician's assistant's statement was inadmissible hearsay and recommended granting the defendants' motion for summary judgment on all of Moore's claims. Moore objected and argued that any hearsay contained in his declarations was admissible as part of a business record under Federal Rule of Evidence 803(6). The district court adopted the magistrate's recommendation and dismissed the suit.

## II. DISCUSSION

On appeal, Moore argues that summary judgment was improper because the district court erred in refusing to consider the physician's assistant's statement. In addition to his business-records argument, Moore now contends, in his reply brief,

that the statement fell within the hearsay exception for statements made for purposes of medical diagnosis or treatment, Fed. R. Evid. 803(4).[4]

On motions for summary judgment, district courts may only consider hearsay that would be admissible at trial under an exception to the hearsay rule. *Macuba v. DeBoer*, 193 F.3d 1316, 1323 (11th Cir. 1999). The statement at issue here does not fall within the business-records exception to the hearsay rule because it is not a "memorandum, report, record, or data compilation." Fed. R. Evid. 803(6). In addition, Moore has abandoned his argument on the medical-treatment-or-diagnosis exception by failing to raise it before us in his opening brief. Although Moore is a *pro se* litigant entitled to having his briefs liberally construed, even *pro se* litigants abandon arguments raised for the first time in their reply briefs. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

To ensure that his claims survived summary judgment, Moore had to identify a disputed material fact essential to his claims. Fed. R. Civ. P. 56(c). To prevail on his Eighth Amendment claim, Moore needed to establish that the individual defendants' treatment decisions revealed a deliberate indifference to his serious medical needs. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir.

---

[4] Moore also argues that the district court failed to consider various other statements, but the record reveals that the district court considered everything but the statement of the physician's assistant.

2007). To prevail under the FTCA, he needed to satisfy the requirements of Alabama medical malpractice law. *See* 28 U.S.C. § 1346(b)(1) (conferring jurisdiction over suits against the United States "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"); *FDIC v. Meyer*, 510 U.S. 471, 478 (1994) (emphasizing that state law is "the source of substantive liability under the FTCA"). We agree with the district court that Moore failed to identify any genuine issue of material fact to sustain his claims.

A prison official demonstrates deliberate indifference under the Eighth Amendment when she knows of but disregards a substantial risk of serious harm through conduct that is more than grossly negligent. *Goebert*, 510 F.3d at 1326–27 (citing *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005)). Although Moore alleges that the individual defendants ignored his obvious medical needs, they pursued an involved course of treatment that began with pain medication, proceeded through a series of tests, and culminated in the surgery necessary to repair his injured back. Regardless of whether the defendants negligently delayed Moore's surgery, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). On this record, no reasonable trier of fact could

7

conclude that pursuing less invasive treatment options at first, and then trying to transfer Moore to a better-equipped facility when the need for surgery became fully apparent, was sufficiently reckless to violate his Eighth Amendment rights. *Cf. Farmer v. Brennan*, 511 U.S. 825, 835–37 (1994) (defining deliberate indifference in terms of recklessness); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." (quotation marks and citation omitted)).[5]

With respect to Moore's FTCA claim, a defendant cannot be held liable for medical malpractice in Alabama unless she fails "to exercise such reasonable care, diligence and skill as physicians, surgeons, and dentists in the same general neighborhood, and in the same general line of practice, ordinarily have and exercise in a like case." Ala. Code. § 6-5-484(a). Unless the applicable standard of care would be obvious to a layperson, Alabama plaintiffs must "establish the defendant physician's negligence through expert testimony as to the standard of care and the proper medical treatment." *Pruitt v. Zeiger*, 590 So. 2d 236, 237–38

---

[5] Moore also had an obligation to "place verifying medical evidence in the record to establish the detrimental effect of [a] delay in medical treatment." *Townsend v. Jefferson County*, 582 F.3d 1252,1259 (11th Cir. 2009) (quotation marks and citation omitted). Moore repeated the hearsay statement of the physician's assistant in his sworn declaration, but he "failed to provide medical records, expert testimony, or other evidence, other than [his] own testimony, that any delay in treatment caused [him] to suffer any injury." *Id.*

(Ala. 1991). Moore produced neither expert testimony nor a learned treatise, *see McMickens v. Callahan*, 533 So. 2d 579, 581 (Ala. 1988), in opposition to the defendants' summary judgment motion.[6] Because this failure "results in a lack of proof essential to a medical malpractice plaintiff's case" under Alabama law, *Pruitt*, 590 So. 2d at 238, the district court properly granted the United States' motion for summary judgment on Moore's FTCA claim.

On the basis of our conclusion that summary judgment on Moore's claims was appropriate, the district court's order is

**AFFIRMED.**

---

[6] Needless to say, the statement of the physician's assistant was not expert testimony.