[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12370
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00589-WHA-TFM

DINO IACULLO,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,
C. J. GAVARRETE,
Dr. DDS, Chief Dental Officer, F.D.C. Miami,
J. DAVIS, Dr. DDS, Dental Officer, FCI Williamsburg, S.C.,
DR. BERRIOS, FCI/FPC Bennetsville, S.C.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 10, 2016)

Before TJOFLAT, WILLIAM PRYOR, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff Dino Iacullo appeals the district court's grant of summary judgment to Defendant United States on Plaintiff's medical malpractice claim related to allegedly deficient dental work he received while incarcerated in federal prison. After careful review, we vacate and remand.

## I.    Background

Plaintiff argues that from 1997 to 2008, health officials at several South Carolina and Alabama federal prisons failed to properly treat two molars despite his repeated complaints and examinations by dental staff.  Ultimately, the two molars were extracted while Plaintiff was at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"), "due to excessive loss of tooth structure, pulpal involvement, and bone loss around both teeth."

Plaintiff filed an administrative tort claim alleging negligent dental treatment at the South Carolina and Alabama facilities.  The claim was denied on January 12, 2010.  Plaintiff then filed this action *pro se* on July 9, 2010, against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671 *et seq.*, seeking $5,000 in damages.  The district court ordered Defendant to file a "Special Report" addressing, among other things, Plaintiff's claims and Defendant's defenses, and to include relevant medical and dental records.

2

Defendant complied and submitted a declaration from the Chief Dentist at FPC Montgomery, who summarized Plaintiff's dental records and concluded that there was no evidence that he received substandard dental care.

The court ordered Plaintiff to respond to the Special Report. Plaintiff responded with an expert affidavit, dated February 2, 2011, of Dr. Mark Maggert, a dentist who was incarcerated at FPC Montgomery for tax evasion. Alabama law normally requires a plaintiff alleging medical malpractice to use expert testimony from a "similarly situated health care provider" to prove that treatment fell below the standard of care. *See* Ala. Code § 6-5-548(e); *Pruitt v. Zeiger*, 590 So.2d 236, 237–38 (Ala. 1991).[1] A similarly situated health care provider must meet several criteria, including being "licensed by the appropriate regulatory board or agency of this or some other state." Ala. Code § 6-5-548(c).

Dr. Maggert reviewed Plaintiff's dental history and concluded, based on his 30 years of dental experience, that Plaintiff had received a substandard level of care. In particular, in 1997 a dentist noted that Plaintiff needed a root canal to save one of his molars, but Plaintiff received only a temporary filling and never had a root canal despite seeing several dentists over the next ten years. And a second molar could have been restored earlier with a root canal as well.

---

[1] Under the FTCA, courts apply the law of the state in which the alleged tort occurred, including choice-of-law rules. *Gonzalez-Jiminez De Ruiz v. United States*, 378 F.3d 1229, 1230 n.1 (11th Cir. 2004). The district court concluded that Alabama law applied but noted that some of the alleged acts or omissions took place in South Carolina. The parties do not appeal that ruling, so we do not address whether Alabama law was the correct law to apply.

For about two years, the parties attempted to settle the matter. Then, based on these submissions, the magistrate judge construed the Special Report as a motion for summary judgment and issued a report and recommendation ("R&R") denying the motion. The R&R concluded that Dr. Maggert's affidavit created genuine factual disputes about Plaintiff's medical malpractice claim.

Defendant objected to the R&R, arguing that the court should not have considered Dr. Maggert's affidavit because his dental license was suspended by the State of Florida. Defendant submitted a July 2, 2011 administrative complaint the Florida Department of Health brought against Dr. Maggert before the Board of Dentistry in connection with his criminal conviction for tax evasion. Defendant also included a final order by the Board of Dentistry, dated November 29, 2012, adopting a settlement agreement between Dr. Maggert and the Department of Health to resolve that complaint. Under the terms of the settlement agreement, Dr. Maggert was fined and his dentistry license was suspended. The settlement provided:

> 5.    **SUSPENSION OF LICENSE** The Respondent's license to practice Dentistry shall be **suspended**:
>
>    a.    Suspension shall run concurrent with the Respondent's incarceration.
>
>    b.    Suspension shall remain active until Respondent appears before the Board to demonstrate his ability to practice.

4

c.    The Board of Dentistry shall retain jurisdiction to impose additional terms which may include remediation or a term of probation if appropriate.

Although Dr. Maggert executed his expert affidavit for this case on February 2, 2011, Defendant argued that the Board of Dentistry's November 2012 decision to suspend Dr. Maggert's license "concurrent" with his incarceration meant that the suspension was retroactive to the beginning of his prison term.  Therefore, Defendant argued, when Dr. Maggert executed his affidavit, he was unlicensed and was not a similarly situated health care provider capable of giving expert testimony in support of Plaintiff's malpractice claim.  *See* Ala. Code § 6-5-548(e).  For that reason, Defendant argued that it was entitled to summary judgment.

After Defendant filed its objections, the magistrate judge withdrew his R&R and issued another one, this time recommending that summary judgment be granted to Defendant.  The court agreed that Dr. Maggert's license had been suspended retroactively and thus he was not a similarly situated health care provider.  And without a qualifying expert affidavit, Plaintiff had failed to establish a medical malpractice claim under Alabama law.  The district court adopted the R&R, granted summary judgment to Defendant, and later denied Plaintiff's motion for reconsideration.

## II.    Discussion

A district court's decision to exclude expert testimony is reviewed for an abuse of discretion, even if that ruling is outcome determinative and results in a summary judgment, as it did here. *McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir. 2004). A district court's construction of a settlement agreement, however, is reviewed *de novo*. *See Waters v. Int'l Precious Metals Corp.*, 237 F.3d 1273, 1277 (11th Cir. 2001). Plaintiff argues that the district court abused its discretion when it excluded the affidavit after incorrectly construing the Board of Dentistry's suspension of Dr. Maggert's license as retroactive. We agree.

Defendant insists that the Board's use of the word "concurrent" rendered the suspension retroactive, but it cites no authority interpreting "concurrent" in this manner.[2] The dictionary definition of concurrent is, "Operating at the same time; covering the same matters." Black's Law Dictionary (10th ed. 2014). That definition does not necessarily require the suspension of the license to relate back to the date Dr. Maggert began serving his federal sentence. In fact, that is not the most natural meaning of the word given that one would reasonably expect a sanction to take effect on the day it is handed down unless the agreement clearly said otherwise. Moreover, nothing in the agreement suggests that it has a

---

[2] For purposes of this appeal, we assume that a retroactively suspended license could render a previously executed affidavit insufficient under Ala. Code § 6-5-548. Defendant has not raised any other arguments as to why Dr. Maggert was not a similarly situated health care provider, so our review is limited to whether the license was suspended retroactively.

retroactive effect. Instead, the section setting forth the suspension refers only to future events. Specifically, subsection (b) refers to Dr. Maggert's future appearance before the Board to demonstrate his ability to practice, and subsection (c) establishes the Board's future jurisdiction. In that context, we read subsection (a) as declaring that the suspension "shall run" from the date of the order to the end of Dr. Maggert's sentence. Absent any language even hinting at retroactivity, the district court erred in finding that the license was deemed suspended when the affidavit was executed.

Although we afford district courts "considerable leeway" in decisions on expert testimony, *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999), we will reverse a ruling that is "manifestly erroneous," *McDowell*, 392 F.3d at 1294. Because there was no language in the order making the suspension retroactive, the district court's decision to exclude Dr. Maggert's affidavit—and to grant summary judgment—solely on this basis was manifestly erroneous. Therefore, we vacate the district court's judgment and remand for the court to consider the affidavit in ruling on Defendant's motion for summary judgment.[3]

---

[3] Defendant argues that this appeal is moot because Dr. Maggert died; therefore, this Court cannot remand the case for trial with instructions that Dr. Maggert be allowed to testify as an expert. Be that as it may, at summary judgment Plaintiff produced an affidavit in compliance with Ala. Code § 6-5-548(c), and if the case goes to trial, Plaintiff could obtain a new expert or seek to introduce the affidavit through a hearsay exception. *See* Fed. R. Evid. 804(b). Those matters are for the district court to decide. In short, Plaintiff's claim is still a "live controversy" and is not moot. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("[A] case is

7

## III.    Conclusion

For the foregoing reasons, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.

**VACATED and REMANDED.**

---

moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." (quotation marks and citation omitted)).